IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DCSS SHIRKEA TOWNSEND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 23-539 (MN) |
| | ) |
| JUAN ALEXANDER MOORE, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Juan Alexander Moore, Wilmington, Delaware – Pro Se Defendant.

November 16, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Defendant Juan Alexander Moore ("Moore" or "Defendant") filed a notice of removal on May 18, 2023, of *DCSS/Shirkea Townsend v. Moore*, Case No. 18-4844 (Del. Family Ct.). Defendant appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Moore removed this matter from the Delaware Family Court. The underlying state court civil action involves child support in arrears. Less than a week after removing this case, Moore filed a separate action in this Court, *Moore v. Townsend*, No. 23-cv-569-MN, based on the same underlying facts as this case, and alleging violations of his rights under the Fourth, Fifth, and Seventh Amendments.[1]

## II. DISCUSSION

Moore filed his notice of removal on May 18, 2023, pursuant to 28 U.S.C. § 1331 (*i.e.*, federal question), § 1343 (*i.e.*, civil rights and elective franchise), and § 1441 (*i.e.*, general removal statute).

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is

---

[1] In a separate Memorandum Opinion and Order also issued on this date, *Moore v. Townsend* has been screened and dismissed for failure to state a claim.

1

appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

It is well established that federal courts lack jurisdiction over "[t]he whole subject of the domestic relations of husband and wife, [and] parent and child." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890) (first alteration in original)); *see also* 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States").

One exception is found in 28 U.S.C. § 1442, under which an action may be removed to district court if it is "against or directed to" the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To remove a matter pursuant to Section 1442(a)(1), a defendant has to establish that: "(1) it is a 'person' within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office." *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998) (citations omitted).

Moore did not cite § 1442, but he does assert in his notice of removal that "the complaint seeks damages for alleged violations of the 4th, 5th, and 7th Amendment arising from conduct that occurred while Defendant was acting in his official capacity as a federal employee." (D.I. 2 at 1). Although Moore, the defendant in the state court proceedings and the person who filed the notice of removal, is considered the defendant in this case, it appears he is asserting that at least one of the Delaware state employees involved in the state court action for child support arrears is a federal

employee. Indeed, he listed these Delaware state court employees as defendants in his other action filed in this Court, *Moore v. Townsend*, and raised claims against them under the Fourth, Fifth, and Seventh Amendments. This assertion, however, is plainly incorrect. Therefore, removal under § 1442 would not be proper.

Another exception is found in 28 U.S.C. § 1443, which permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." The Supreme Court articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state. *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

Moore did not invoke § 1443. He alleges that he "is not able to receive a fair trial in compliance with Due Process" in the Family Court, specifically because he will not be guaranteed his Seventh Amendment right to a jury trial. (D.I. 2-1 at 11). The Supreme Court, however, has never held that the Fourteenth Amendment incorporates against the States the Seventh Amendment right to a civil jury trial. *See McDonald v. City of Chicago*, 561 U.S. 742, 765 n.13 (2010). In any event, Moore does not allege racial discrimination, let alone racial discrimination such that he will be denied or cannot enforce his rights in the state courts. 28 U.S.C. § 1443(1); *Davis*, 107 F.3d at 1047 (citing *Rachel*, 384 U.S. at 788). Therefore, he has not established his entitlement to removal pursuant to § 1443(1). *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the

3

rare situations where it can be clearly predicted . . . that those rights will inevitably be denied . . . .").

Moore has not met his burden to show that removal of this matter is proper. Based upon the foregoing, removal cannot be permitted, and this Court will *sua sponte* remand this matter.

### III. CONCLUSION

For the above reasons, the Court will remand the case to the Family Court of the State of Delaware, New Castle County.

An appropriate Order will be entered.